ITALIAN FURNITURE FRAME CORP. ET AL. v. UNITED STATES

No. 5109.—Invoices dated Milan, Italy, August 20, 1935, etc.
Certified August 28, 1935, etc.
Entered at New York September 10, 1935, etc.
Entry No. 726706, etc.

Second Division, Appellate Term

(Decided January 30, 1941)

Siegel & Mandell (Samuel T. Siegel of counsel) for the appellants.
Charles D. Lawrence, Acting Assistant Attorney General (Samuel D. Spector, special attorney), for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This is an application for review of the decision of the trial judge reported in Reap. Dec. 4588, involving the proper

dutiable value of certain knocked-down furniture frames imported from Italy.

Sixty-three appeals to reappraisement, enumerated in schedule A attached hereto and made a part hereof, are involved herein, all of which were consolidated for the purposes of trial before the court below, by consent of the parties. In each of the shipments in question, save one, the exporter of the merchandise was Industria Sediame per Esportazione, hereinafter referred to as "ISE." The single exception is reappraisement 117384–A, where the shipper appears to be Angelo Belloni.

All of the merchandise in question, which embraces numerous different items of furniture frames, was appraised on the basis of cost of production, as defined in section 402 (f) of the Tariff Act of 1930. It is contended by appellants that the proper basis for appraisement of the instant merchandise is export value, as such value is defined in section 402 (d) of said tariff act; and that the entered values of said merchandise represent such dutiable export value.

In addition to the oral testimony of three witnesses, there were introduced by plaintiffs at the trial below certain articles which were admitted in evidence as representative of some of the items in dispute, as well as documentary evidence in the form of affidavits and invoices of sales. Defendant offered in evidence seventeen reports of Treasury representatives which were admitted in evidence as defendant's exhibits 33 to 49, inclusive.

It appears from the record that the merchandise in question was manufactured in and exported from Barlassina, near Cannago Lentate, Italy, the so-called Meda-Seveso District, which is a locality where some 15 to 20 manufacturers of knocked-down furniture frames are engaged in business, including the said exporters of the instant merchandise.

The oral testimony offered by plaintiffs was directed largely, if not entirely, toward showing that merchandise like or similar to that involved herein was imported by different concerns in this country from various exporters in Italy. In addition to the president of the Italian Furniture Frame Corporation of New York, one of the plaintiffs herein, plaintiffs called as witnesses the secretary of the Chester Hand Carved Frame Corporation and the general manager of the Period Frame Co., both of which latter concerns are located in New York and engaged in the business of importing furniture frames from Italy.

The president of the said Italian Furniture Frame Corporation of New York testified that he does all the buying of knocked-down furniture frames imported by his firm, and that he purchased all of the merchandise involved herein. He identified certain articles, exhibits 14 to 22, inclusive, as ones that he purchased from the said "ISE,"

and testified that they are representative of some of the items included in the importations in question. The witness was then shown other furniture frames which he recognized as merchandise that he purchased from one Mauri Carlo, a manufacturer of furniture, doing business in the said Meda-Seveso District in Italy. The articles so identified were admitted in evidence as illustrative exhibits 23 to 27, inclusive. An affidavit from the said Mauri Carlo, admitted in evidence as exhibit 28, fully supports the oral testimony of said witness concerning the said illustrative exhibits, and in addition shows sales by the said Mauri Carlo of illustrative exhibits 24 and 25 to another importer in this country, the Chester Hand Carved Frame Corporation, at prices that are not higher than the invoice and entered values of the instant merchandise.

The two other witnesses, hereinabove referred to, who appeared on behalf of plaintiffs, testified that their respective firms purchased merchandise similar to that in question from various exporters in the said Meda-Seveso District in Italy, and supported their testimony by the production of invoices covering sales from different foreign manufacturers, which invoices were admitted in evidence as exhibits 29 and 32.

We find corroboration of the evidence adduced herein by plaintiffs to prove statutory export value in the report of the Treasury representative, defendant's exhibit 40, wherein it is stated that knocked-down furniture produced in the same market

is turned out expressly for the American market, no articles being made for buyers in the Italian market either for local consumption or for exportation to countries other than the United States.

Statements of like tenor are contained in the reports, defendant's exhibits 33, 36, and 41, herein.

In our opinion, the record herein contains ample proof to warrant the finding of the lower court

that frames such as or similar to those in issue were sold during the period within which the exportations in issue took place to various purchasers for export to the United States

and, in affirmance of such finding, we hold that the proper basis for appraisement of the merchandise in question is export value.

Thus we are confronted with the issue whether the evidence before us is sufficient to sustain the claim of plaintiffs that the proper dutiable export values of the items in question are the entered values.

In support of such contention, plaintiffs offered affidavits executed by the proprietor of the said "ISE," which were admitted in evidence as collective exhibits 1, 4, 7, and 11; affidavits of the general manager of said foreign exporter, which were admitted and appear herein as collective exhibits 3, 6, 9, and 13; and an affidavit, admitted in evidence

as collective exhibit 10, of Angelo Belloni, the exporter of the merchandise involved in reappraisement 117384–A, one of the cases under consideration. The testimony of said witnesses is substantially the same in all of the said affidavits. An examination of each of said exhibits reveals that each of said witnesses is thoroughly qualified to testify with respect to the transactions involving their respective concerns. Their cumulative testimony fairly establishes that knocked-down furniture frames, such as or similar to those involved herein, were at the time of exportation of the instant merchandise freely offered for sale to all purchasers for exportation to the United States in the principal market of Barlassina, or the so-called Meda-Seveso District, in the usual wholesale quantities of "one set or piece or more" at prices which were no higher than the entered values of the items covered by the appeals to reappraisement under consideration.

Evidently the Treasury representatives' reports, defendant's exhibits 33 to 49, inclusive, formed the basis for appraisal of the instant merchandise as they relate, in the main, to information concerning the cost of production of said merchandise. In view of our conclusion herein that export value is the proper basis for appraisement of this merchandise, any evidence as to cost of production becomes *ipso facto* wholly immaterial for the purposes of this case. We have carefully studied and thoroughly analyzed all of the reports offered by defendant at the trial below, said exhibits 33 to 49, inclusive, and it is our conclusion that the weight that can be applied to the evidence contained therein is not sufficient to overcome the proof offered by plaintiffs which, in our judgment, fairly establishes that the entered values are the proper dutiable values of the instant merchandise.

On the basis of the weight of the evidence contained in the record before us, we find the following facts:

(1) That the merchandise in question consists of knocked-down furniture frames imported from Italy.

(2) That the proper basis for appraisement of said merchandise is export value, as such value is defined in section 402 (d) of the Tariff Act of 1930, the foreign value, if any, being no higher.

(3) That such export values for said merchandise are the entered values.

We hold, as matter of law, that the correct dutiable export values of the knocked-down furniture frames in question are the entered values, and the judgment of the lower court is accordingly reversed.

Judgment will be rendered accordingly.